UNITED STATES DISTRICT COURT                    NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK

---

ADRIAN PAYNE,

                                    Petitioner,        ORDER

                    - versus -                          11 CV 4859

UNITED STATES OF AMERICA,

                                    Respondent.

---

JOHN GLEESON, United States District Judge:

On October 17, 2012, Petitioner Adrian Payne filed a Motion to Amend his

habeas petition filed on October 1, 2011.[1]  He seeks to amend his petition to allege two

additional grounds for ineffective assistance of appellate counsel.  At bottom, the first ground

challenges appellate counsel's failure to cite a particular authority – namely *United States v.*

*Douglas*, 525 F.3d 225 (2d Cir. 2007) – in support of the argument on direct appeal that the

murder-in-aid-of-racketeering counts were time-barred.   Second, and related, Payne asserts

that the failure to allege in the indictment aggravating facts that would support the death

penalty required the conclusion that a five-year statute of limitations applied.   For the reasons

that follow, the motion to amend is denied.[2]

The second ground was in fact raised by appellate counsel and explicitly

rejected by the Second Circuit.  *See United States v. Payne*, 591 F.3d 46, 57-59 (2d Cir. 2010)

(holding that an offense is "punishable by death" when the statute authorizes death as a

punishment, regardless of whether the death penalty is sought by the prosecution).  The first

ground is without merit.  Trial counsel and appellate counsel both made the argument that the

failure to specify aggravating factors in the indictment required a five-year statute of

---

[1]     This Court denied Payne's habeas petition on March 20, 2012 and, on April 16, 2012, denied
his motion for reconsideration. Payne filed a notice of appeal with the United States Court of Appeals for the
Second Circuit on June 27, 2012, setting forth his intention to appeal both the denial of his habeas petition and
his motion for reconsideration.  That appeal is pending.

[2]     Because I conclude that Payne's arguments lack merit, I need not address whether this Court
retains jurisdiction over Payne's initial habeas petition. *See* Resp. to the Court's Order to Show Cause, Jan. 6,
2013, ECF No. 15.

2

limitations.  The Sixth Amendment doesn't micromanage the performance of counsel to such

a degree that that failure to cite a particular case is equal to ineffective assistance of counsel.

       So ordered.

                                        _____
                                        John Gleeson, U.S.D.J.

Dated: January 22, 2013
      Brooklyn, New York