UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

ADRIAN PAYNE,

        Petitioner,

- versus -

UNITED STATES OF AMERICA,

        Respondent.

ORDER

11 CV 4859

JOHN GLEESON, United States District Judge:

  On October 17, 2012, Petitioner Adrian Payne filed a Motion to Amend his habeas petition filed on October 1, 2011.[1] He seeks to amend his petition to allege two additional grounds for ineffective assistance of appellate counsel. At bottom, the first ground challenges appellate counsel's failure to cite a particular authority – namely *United States v. Douglas*, 525 F.3d 225 (2d Cir. 2007) – in support of the argument on direct appeal that the murder-in-aid-of-racketeering counts were time-barred. Second, and related, Payne asserts that the failure to allege in the indictment aggravating facts that would support the death penalty required the conclusion that a five-year statute of limitations applied. For the reasons that follow, the motion to amend is denied.[2]

  The second ground was in fact raised by appellate counsel and explicitly rejected by the Second Circuit. *See United States v. Payne*, 591 F.3d 46, 57-59 (2d Cir. 2010) (holding that an offense is "punishable by death" when the statute authorizes death as a punishment, regardless of whether the death penalty is sought by the prosecution). The first ground is without merit. Trial counsel and appellate counsel both made the argument that the failure to specify aggravating factors in the indictment required a five-year statute of

---

[1] This Court denied Payne's habeas petition on March 20, 2012 and, on April 16, 2012, denied his motion for reconsideration. Payne filed a notice of appeal with the United States Court of Appeals for the Second Circuit on June 27, 2012, setting forth his intention to appeal both the denial of his habeas petition and his motion for reconsideration. That appeal is pending.

[2] Because I conclude that Payne's arguments lack merit, I need not address whether this Court retains jurisdiction over Payne's initial habeas petition. *See* Resp. to the Court's Order to Show Cause, Jan. 6, 2013, ECF No. 15.

limitations.  The Sixth Amendment doesn't micromanage the performance of counsel to such a degree that that failure to cite a particular case is equal to ineffective assistance of counsel.

        So ordered.

                                                                                             _____

                                                                                            John Gleeson, U.S.D.J.

Dated: January 22, 2013
       Brooklyn, New York