UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ONLINE PUBLICATION ONLY

ADRIAN PAYNE,

         Petitioner,

- versus -

UNITED STATES OF AMERICA,

         Respondent.

ORDER

11-cv-4859 (JG)

JOHN GLEESON, United States District Judge:

  Petitioner Adrian Payne, proceeding *pro se*, has petitioned under 28 U.S.C. § 2255 for review of his conviction and sentence of six concurrent terms of life imprisonment and ten additional years to run consecutively for, *inter alia*, two murders in aid of racketeering, racketeering, and drug distribution. *See* Mot. to Vacate/Set Aside or Correct Sentence, ECF No. 1; *see also United States v. Hunter et al.*, 04-cr-188 (JG) (E.D.N.Y.) (criminal case docket). Here, on remand, I address Payne's February 14, 2014, motion to amend his § 2255 motion. For the reasons set forth below, the motion is denied.

## BACKGROUND

  The procedural history of Payne's petition is somewhat complicated. I denied Payne's petition on the record on March 20, 2012, after oral argument and declined to issue a certificate of appealability. *See* Minute Entry, Mar. 20, 2012. On April 19, 2012, Payne moved for reconsideration of my order, *see* Mot. for Reconsideration, ECF No. 8, which I denied. *See* Order, Apr. 30, 2012, ECF No. 9. Payne appealed the denial of his § 2255 petition as well as the denial of his motion for reconsideration, *see* Notice of Appeal, June 27, 2012, ECF No. 11, and also moved to amend his § 2255 petition. *See* Mot. to Am., Oct. 23, 2012, ECF No. 12. I denied

1

Payne's motion to amend and declined to issue a certificate of appealability, *see* Order, Jan. 22, 2013, ECF No. 17, which Payne appealed on March 14, 2013. *See* Notice of Appeal, Mar. 14, 2013, ECF No. 21.

On May 13, 2013 the Second Circuit denied his motion for a certificate of appealability regarding the denial of his petition and the denial of the motion to reconsider. *See* Mandate of USCA, May 13, 2013, ECF No. 23. Payne's petition for a writ of certiorari was denied by the United States Supreme Court on October 7, 2013. *See Payne v. United States*, No. 13-5708 (U.S. Oct. 7, 2013). On September 13, 2013, the Second Circuit declined to issue a certificate of appealability for Payne's appeal of my denial of his motion to amend his petition, *see* Mandate of USCA, Sept. 13, 2013, ECF No. 24, and Payne's petition for a writ of certiorari on that decision was denied on February 24, 2014. *See Payne v. United States*, No. 13-8127 (U.S. Feb. 24, 2014).

Payne moved again to amend his § 2255 petition, on February 14, 2014, *see* Mot. to Amend, Feb. 14, 2014, ECF No. 25, which I denied. *See* Order, Feb. 28, 2014. Payne then moved for reconsideration of my order denying his motion to amend, *see* Mot. for Reconsideration, Mar. 12, 2014, ECF No. 26, which I denied and transferred to the Second Circuit as a successive § 2255 petition. *See* Order, Mar. 14, 2014. Payne appealed that order on April 7, 2014. *See* Notice of Appeal, Apr. 7, 2014, ECF No. 28.

The Second Circuit remanded the case by summary order with instructions to consider Payne's February 14, 2014, motion to amend because

> [w]hen Petitioner filed his second motion to amend, the Supreme Court had not yet denied Petitioner's request for a writ of *certiorari* in connection with his previous motion to amend his initial § 2255 motion; accordingly, his original § 2255 proceedings were not final at that time, and his present motion to amend is not successive.

2

*Payne v. United States*, Nos. 14-943, 14-1072 (2d Cir. June 26, 2014); *see also Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001) (per curiam) ("[B]efore a motion or petition can be regarded as successive, there must be some prior adjudication on the merits or a dismissal with prejudice."). On remand, the Second Circuit instructed me to take "whatever further action [the Court] finds appropriate." *Id.* (quoting *Whab v. United States*, 408 F.3d 116, 118-20 (2d Cir. 2005)).

DISCUSSION

Payne seeks to amend his § 2255 motion to add three additional claims. Amendment in habeas cases is governed by Federal Rule of Civil Procedure 15, just as in any other civil case. *See* 28 U.S.C. § 2242 (a habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"). Accordingly, any new claims Payne now wishes to add to his petition are barred by § 2255's one-year statute of limitations – unless Payne can show that these new claims relate back to his petition's filing date under Rule 15(c). Thus, Payne must show that the new claims "arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

Here, Payne's request to amend his petition is unavailing since his new claims are either time-barred because they are insufficiently connected to his prior claims or are duplicative of arguments that he already unsuccessfully raised on direct appeal.

Payne first asserts that he was denied effective assistance of counsel in violation of the Sixth Amendment on the theory that his trial counsel, Norman Trabulus, failed to convey information to Payne regarding a possible plea deal. Because the claim is otherwise untimely,

3

Payne may amend to add this claim only if he satisfies Rule 15(c)'s "conduct, transaction, or occurrence" test.

The Supreme Court held in *Mayle v. Felix*, 545 U.S. 644 (2005), that a new claim in a habeas case does not relate back to a previous claim simply because both challenge the same conviction. *Id*. at 664. Rather, the Court held that relation back is proper only "when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in both time and type from the originally raised episodes." *Id*. at 657 (internal quotation marks omitted).

Payne cannot satisfy the test set forth in *Mayle*. The claim that counsel failed to advise him of a possible plea deal is different in "both time and type," *Mayle*, 545 U.S. at 65, from the ineffective assistance claims contained in his petition, which allege deficient lawyering in relation to trial counsel's alleged failure to: 1) investigate possible impeachment material; 2) move for acquittal on certain counts post-trial; and 3) request certain jury instructions. *See* Mot. to Vacate/Set Aside or Correct Sentence, ECF No. 1. The claim that Payne seeks to add would rely on evidence independent from the factual bases for the ineffective assistance of counsel claims contained in his petition. For example, proof of the new claim would require affidavits or other testimonial evidence from both Payne and trial counsel about what his lawyer told him about a possible plea offer. That record is entirely separate from the record necessary for the claims of ineffective assistance included in his petition. Thus, the claim does not relate back and is untimely.

The second claim that Payne seeks to add to his petition is framed as another ineffective of counsel claim but is in fact simply reasserting an argument Payne unsuccessfully made to the Second Circuit on direct review: that the two murder-in-aid-of-racketeering counts

4

he was convicted of should have been dismissed as time-barred under the five-year statute of limitations provided by 18 U.S.C. § 3282(a). Specifically, Payne argues that his trial counsel's failure to make a particular legal argument in support of applying § 3282(a)'s five-year statute of limitations to the murder charges constitutes ineffective assistance of counsel.

Under Rule 15(a), "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "However, a district court may properly deny leave when amendment would be futile." *Jones v. N.Y. State Div. of Military & Naval Affairs*, 166 F.3d 45, 50 (2d Cir. 1998); *see also Feliciano v. United States*, No. 01-cv-9398, 2009 WL 928140, at *2 (S.D.N.Y. Mar. 30, 2009). Because on direct review the Second Circuit already "reject[ed] Payne's contention that the five-year statute of limitations barred his prosecution . . . for the murders . . . in aid of racketeering," *United States v. Payne*, 591 F.3d 46, 59 (2d Cir. 2010), Payne's motion to amend his § 2255 petition to reassert this claim is denied as futile.

Payne's third claim, to the extent it can be discerned, appears to be yet another argument that his murder convictions should have been dismissed as time-barred. Because the Second Circuit already decided this issue, as discussed above, the motion to add this claim to the § 2255 petition is also denied as futile.

## CONCLUSION

For the reasons set forth above, Payne's motion to amend his § 2255 petition is denied.

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
      September 4, 2014