UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------
ADRIAN PAYNE,

                Petitioner,

     - against -

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------

**ORDER DENYING RULE 60(b) MOTION FOR RELIEF FROM 9/4/2014 ORDER**

No. 11 CV 4859 (PKC)

PAMELA K. CHEN, United States District Judge:

The lengthy procedural history of this *habeas* action is summarized in the Honorable John Gleeson's Order dated September 4, 2014 ("9/4/14 Order"), which denied Petitioner Adrian Payne's motion for leave to amend his previously-denied § 2255 petition to add three additional claims. (Dkt. 30.)[1] These three proposed claims were as follows: (1) that Petitioner's trial counsel was ineffective for failing to convey information to Petitioner regarding a possible plea deal; (2) that the two murder-in-aid-of-racketeering counts of which he was convicted should have been dismissed as time-barred under the five-year statute of limitations provided by 18 U.S.C. § 3282; and (3) a nebulous third ground, of which Judge Gleeson stated: "to the extent that it can be discerned, [it] appears to be yet another argument that [Petitioner's] murder convictions should have been dismissed as time-barred." (*Id.* at ECF 3-5.) With respect to the second and third claims, Judge Gleeson denied leave to amend as futile because "on direct review[,] the Second Circuit already 'reject[ed] Payne's contention that the five-year statute of limitations barred his

---

[1] Before filing the instant motion, Petitioner had earlier filed a motion for reconsideration of the 9/14/14 Order, (Dkt. 31), which Judge Gleeson summarily denied on October 9, 2014. Petitioner thereafter moved for a certificate of appealability, (Dkt. 32), which the Second Circuit denied on May 27, 2015 (Dkt. 33). On June 29, 2016, Petitioner filed the instant "Motion to Reopen 2255 Proceedings Pursuant to Rule 60(b)(6)," seeking relief from Judge Gleeson's 9/4/14 Order. (Dkt. 34 ("Br.").) On August 18, 2016, this case was reassigned to me.

prosecution . . . for the murders . . . in the aid of racketeering.'" (*Id.* at ECF 5 (quoting *United States v. Payne*, 591 F.3d 46, 59 (2d Cir. 2010).) It is Judge Gleeson's rulings on these two claims that Petitioner seeks to have this Court revisit now.[2]

Petitioner seeks relief from Judge Gleeson's rulings on these two claims under Federal Rule of Civil Procedure 60(b)(6), which permits a court to "relieve a party or its legal representative from a[n] . . . order . . . [for] any [ ] reason that justifies relief" aside from the reasons enumerated in Rule 60(b)(1)-(5) (*e.g.*, mistake, inadvertence, surprise or neglect; newly discovered evidence; fraud). Petitioner asserts that the Second Circuit's decision in *Matthews v. United States*, 622 F.3d 99 (2d Cir. 2010)—which came down after Judge Gleeson's decision in Petitioner's original criminal proceeding, *United States v. Hunter*, No. 05-cr-188, 2008 WL 268065 (E.D.N.Y. 2008), and the Second Circuit's affirmance of that decision in *Payne*, 591 F.3d 46, dated January 5, 2010—constitutes "an intervening change of controlling law" that would have altered the two courts' rulings that his murder-in-aid-of-racketeering counts were not time-barred under the five-year limitations period in 18 U.S.C. § 3282. (*See* Br. at ECF 1, 6.)

The Court has reviewed *Matthews* and disagrees. *Matthews* did not involve interpretation of 18 U.S.C. § 3281 or 18 U.S.C. § 3282.[3] Indeed, the Second Circuit made clear that the *Matthews*

---

[2] Even construing Petitioner's 60(b)(6) Motion broadly, the Court finds no indication that Petitioner is challenging the portion of Judge Gleeson's 9/4/14 Order denying leave to add a claim that Petitioner's trial counsel was ineffective for failing to convey information to Petitioner regarding a possible plea deal. Therefore, the Court does not revisit that ruling here.

[3] Section 3281, which provides for no limitations period for any offense "punishable by death," was found by Judge Gleeson and the Second Circuit to govern here. *See Payne*, 591 F.3d at 59 ("Because § 1959(a)(1) [the murders-in-aid-of-racketeering count for which Petitioner was convicted] provides that a person who 'murders' in aid of racketeering may be 'punished . . . by death,' we conclude that the indictment for that offense 'may be found at any time without limitation,' 18 U.S.C. § 3281.") By contrast, Section 3282 provides for a five-year limitations period unless otherwise provided by law, and was the provision that Petitioner unsuccessfully argued applied to his offenses of conviction.

opinion "deals only with the Grand Jury Clause and Federal Rule of Criminal Procedure 7(a)(1)." *Matthews*, 622 F.3d at 103 n.1. The Second Circuit in *Matthews* also **reaffirmed** *Payne*'s holding that "for the purposes of the indefinite limitations period provided by 18 U.S.C. § 3281, an offense is 'punishable by death' when the statute 'authorizes death as a punishment,' regardless of whether the particular defendant is death eligible." *Id.* Thus, *Matthews* is not only **not** an "intervening change of controlling law," but it actually reaffirmed the key holding in *Payne* that Petitioner's two murder-in-aid-of-racketeering counts are considered "punishable by death" within the meaning of 18 U.S.C. § 3281 and thus not subject to the Section 3282 five-year limitations period.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for Rule 60(b)(6) relief is DENIED.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 11, 2016
Brooklyn, New York